IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALEXANDER BLAKE SMITH,       )
                             )
      Plaintiff,             )
                             )
v.                           )       CASE NO. CV421-120
                             )
JOSEPH CUSHNER, Former       )
Solicitor of Bulloch County, )
Individually and in his      )
Official Capacity; BULLOCH   )
COUNTY GEORGIA, d/b/a the    )
Office of Bulloch County     )
Solicitor General; TROOPER   )
ZACHARY MONTANO, Georgia State )
Patrol, Individually and in his )
Official Capacity; and GEORGIA )
DEPARTMENT OF PUBLIC SAFETY, )
d/b/a Georgia State Patrol;  )
                             )
      Defendants.            )
_____)

## O R D E R

Before the Court is Plaintiff Alexander Blake Smith's Motion for Voluntary Dismissal pursuant to F.R.C.P. 41(a)(2). (Doc. 17.) Defendants Zachary Montano and Georgia Department of Public Safety ("GDPS") responded that they do not object to Plaintiff's request for dismissal. (Doc. 19.) Accordingly, Plaintiff's motion with respect to Defendants Montano and GDPS is **GRANTED**, and the action against Defendants Montano and GDPS is **DISMISSED WITHOUT PREJUDICE.** As a result, Defendants Montano and GDPS's Motion for Judgment on the Pleadings (Doc. 14) is **DISMISSED AS MOOT.** Defendants Joseph Cushner and Bulloch County, Georgia, ("Bulloch

Defendants") have opposed Plaintiff's motion for voluntary dismissal without prejudice. (Doc. 18.) For the following reasons, Plaintiff's motion with respect to the Bulloch Defendants is **GRANTED,** and the action against the Bulloch Defendants is **DISMISSED WITHOUT PREJUDICE.** The Bulloch Defendants' Motion to Dismiss Complaint (Doc. 9) is therefore **DISMISSED AS MOOT.**

## BACKGROUND

Plaintiff's claims arise from his arrest for driving under the influence and a headlight violation on February 28, 2019. (Doc. 1, Attach. 1 at 5.) Defendant Montano initiated the traffic stop and arrested Plaintiff. (Id.) Defendant Cushner, in his role as Solicitor General of Bulloch County, prosecuted the offenses. (Id. at 2-3, 5.) On February 25, 2021, Plaintiff filed his complaint in the Superior Court of Bryan County, Georgia, asserting state law and federal claims against Defendant Cushner for negligence, false imprisonment, malicious prosecution, and violations of his civil rights under 42 U.S.C. § 1983. (Id. at 9-14.) Plaintiff claims Defendant Bulloch County is liable for Defendant Cushner's actions based on the doctrine of respondeat superior. (Id. at 8.) The Bulloch Defendants answered and moved to dismiss Plaintiff's complaint in the state court proceedings on March 31, 2021. (Id. at 54, 73.)

On April 22, 2021, Defendants Montano and GDPS, with the consent of the Bulloch Defendants, removed the case to this Court.

2

(Doc. 1 at 1, 2.) Defendants Cushner and Bulloch County refiled their motion to dismiss in this Court on April 28, 2021. (Doc. 9.) In their motion, the Bulloch Defendants argue Plaintiff's complaint should be dismissed because, among other defenses, they are entitled to various immunities under both federal and state law. (Id. at 4.) Additionally, in response to Plaintiff's argument that Defendant Cushner was negligent by violating the Georgia Rules of Professional Conduct ("GRPC"), the Bulloch Defendants argue a violation of the GRPC does not establish civil liability. (Id. at 17.) On June 9, 2021, the Magistrate Judge stayed discovery in this case. (Doc. 16.) After responding in opposition to Defendants Cushner and Bulloch County's motion (Doc. 13), Plaintiff filed his motion for voluntary dismissal without prejudice on June 17, 2021, (Doc. 17), which the Bulloch Defendants have opposed (Doc. 18).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(2), after a defendant has filed an answer or motion for summary judgment, a plaintiff may voluntarily dismiss an action "only by court order, on terms that the court considers proper." A dismissal under this paragraph is without prejudice unless the order states otherwise. Fed. R. Civ. P. 41(a)(2). While district courts are afforded "broad discretion" in deciding whether to allow a voluntary dismissal, the Eleventh Circuit has advised that "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear

legal prejudice, other [than] the mere prospect of a subsequent lawsuit . . . ." Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis omitted) (quoting McCants v. Ford Motor Co., 781 F.2d 855, 856-57 (11th Cir. 1986)). The critical issue is whether "the defendant [would] lose any substantial right by the dismissal." Id. (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).[1] The Eleventh Circuit has also indicated evidence that plaintiff's counsel acted in bad faith is relevant to this inquiry. Quiniones v. LG Chem, Ltd., No. 1:20-cv-01729-SDG, 2021 WL 3043418, at *2 (N.D. Ga. Feb. 9, 2021) (quoting Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014)). While the Eleventh Circuit has not specifically endorsed additional factors for consideration, district courts in this Circuit have also frequently examined "the length of time and amount of resources spent by the defendant litigating the case, dilatory tactics by the plaintiff, and whether the defendant had a motion for summary judgment pending when the dismissal was requested." Jones v. Smartvideo Techs., Inc., No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *3 (N.D. Ga. June 4, 2007) (citations omitted).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Notwithstanding, the Court must "keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." Id. at *2 (quoting Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991)). This means "weigh[ing] the relevant equities and do[ing] justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Pontenberg, 252 F.3d at 1256 (quoting McCants, 781 F.2d at 857). "Plaintiffs usually are not allowed to dismiss an action without prejudice under Rule 41(a)(2) 'after the defendant has been put to considerable expense in preparing for trial except on [the] condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation.' " Smartvideo Techs., Inc., 2007 WL 1655855, at *3 (quoting McCants, 781 F.2d at 860). This includes conditioning dismissal on the imposition of costs and attorney's fees. Id.

## ANALYSIS

Plaintiff asks this Court to enter a voluntary dismissal under Rule 41(a)(2) so that he can pursue relief through other independent agencies. (Doc. 17 at 4-5.) Plaintiff argues he does not seek dismissal as a "means of oppression, or to tip the balance of fairness in his favor." (Id. at 4.) Instead, Plaintiff contends he conducted additional research after Defendants Montano and GDPS filed their motion and discovered that other independent agencies can review and address his grievances. (Id. at 4-5.) Based on this

new knowledge, Plaintiff believes it is most economical to dismiss this action without prejudice and seek relief through the administrative process. (Id. at 5.)

Defendants Cushner and Bulloch County argue this Court should dismiss the case with prejudice because they expended time and resources filing their motion which would have required dismissal of the action with prejudice. (Doc. 18 at 1.) The Bulloch Defendants maintain their immunity defenses placed them on the "verge of triumph," which they contend is a reason for dismissal with prejudice distinct from merely avoiding additional litigation, and that courts in this district have determined dismissal with prejudice is warranted in such cases. (Id. at 4-6.) The Bulloch Defendants further argue that Plaintiff acted in bad faith by attributing arguments to them in his motion for voluntary dismissal that are unsupported and entirely absent from their motion to dismiss. (Id. at 2-3, 6.) Alternatively, the Bulloch Defendants ask the Court to condition any dismissal without prejudice on the award of attorney's fees and expenses incurred in researching, preparing, and evaluating responses for their motion to dismiss. (Id. at 6.)

The Court is not persuaded that dismissal with prejudice is warranted. Defendants Cushner and Bulloch County principally argue that dismissal with prejudice is appropriate in this case because they were on the "verge of triumph" – a reason they believe is

6

different than avoiding subsequent litigation. (<u>Id.</u> at 6.)
However, the cases on which they rely to support this argument are
distinguishable. In <u>Brooks v. State Board of Elections</u>, a Voting
Rights Act class action suit had lingered for nine years and
"intervening law foreclose[d] the remedy [the plaintiffs] []
sought[.]" 173 F.R.D. 547, 549 (S.D. Ga. 1997). In fact, the
plaintiffs conceded as much, "[h]aving admitted that they [could
not] proceed on a liability theory which" was tied to a remedy
foreclosed as a matter of law. <u>Id.</u> at 550. Accordingly, the court
in <u>Brooks</u> granted the plaintiffs' Rule 41(a)(2) dismissal but with
prejudice. <u>Id.</u> In <u>Grover v. Eli Lilly & Co.</u>, the district court
granted plaintiff Adam Green's motion to voluntarily dismiss his
case without prejudice after the Ohio Supreme Court determined his
cause of action did not exist. 33 F.3d 716, 717 (6th Cir. 1994).
On appeal, the Sixth Circuit reversed, holding it was unfair to
subject a defendant to a dismissal without prejudice "when the law
clearly dictates a result for the defendant[.]" <u>Id.</u> at 719
(citations omitted). Essentially, both the district court in
<u>Brooks</u> and the Sixth Circuit in <u>Grover</u> found that dismissal with
prejudice was appropriate where it was clear that the plaintiff
could not obtain the relief sought.

In contrast, Defendants Cushner and Bulloch County oppose
Plaintiff's motion based on the strength of their defenses, not
because the causes of action in Plaintiff's complaint do not

7

exist.[2] (Doc. 18 at 5.) Despite their attempts to creatively frame their argument, the Bulloch Defendants cannot avoid clear authority that "a mere missed opportunity for a legal ruling is not sufficient to warrant the denial of a motion for voluntary dismissal." Moore v. PPC Airfoils, LLC, No. CV507-89, 2008 WL 11348472, at *2 (S.D. Ga. July 11, 2008) (quoting Spencer v. Moore Bus. Forms, Inc., 87 F.R.D. 118, 119 (N.D. Ga. 1980)). Defendants Cushner and Bulloch County "have not identified any defense or position that they have asserted in this Court that [they] will not be able to assert" in subsequent litigation. Jones v. Fam. Dollar Stores of Vidalia Ga., Inc., No. 6:20-cv-47, 2021 WL 5513987, at *2 (S.D. Ga. Sept. 21, 2021). Thus, the Court is not convinced the Bulloch Defendants would suffer prejudice from dismissal without prejudice other than the mere prospect of a subsequent lawsuit.

---

[2] The Court acknowledges that Defendants Cushner and Bulloch County correctly argued in their motion to dismiss that a violation of the GRPC does not establish civil liability. (Doc. 9 at 17 (citing Davis v. Findley, 262 Ga. 612, 613, 422 S.E.2d 859, 861 (1992)).) Although his arguments are not entirely clear, Plaintiff responded in agreement, but he maintains that he does not solely rely on the GRPC as the basis for his complaint and that his intended use of the GRPC is allowed. (Doc. 13 at 13-14.) It is true that Plaintiff uses examples of purported violations of the GRPC as evidence that Defendant Cushner was negligent. (Doc. 1, Attach. 1 at 10.) However, the Court is not prepared to exercise its discretion and entirely dismiss Plaintiff's negligence count with prejudice considering other causes of action in Plaintiff's complaint do exist and, as explained in this order, there are other reasons that indicate dismissal without prejudice is appropriate, particularly the early stage of litigation.

In fact, Defendants Cushner and Bulloch County's argument against dismissal without prejudice is much weaker compared to other cases in which the Eleventh Circuit and courts in this district have permitted dismissal without prejudice. In Pontenberg, the plaintiff submitted an inadequate expert witness disclosure report, and the defendant moved for summary judgment on that ground. 252 F.3d at 1255. Instead of responding to the motion for summary judgment, the plaintiff moved for voluntary dismissal without prejudice, which the district court granted. Id. On appeal, the Eleventh Circuit affirmed the district court's dismissal without prejudice, explaining "that the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." Id. at 1258, 1260. In Jones v. Family Dollar Stores of Vidalia Georgia, Inc., another court in this district allowed a plaintiff to voluntarily dismiss her case without prejudice even though she named the wrong defendant, the parties had completed discovery, and the defendant had moved for summary judgment. 2021 WL 5513987, at *2, *3. Here, compared to Pontenberg and Family Dollar Stores of Vidalia, this case is in its very early stages, Quiniones, 2021 WL 3043418, at *2, and discovery has been stayed (Doc. 16). Defendants Cushner and Bulloch County simply cannot show "that the time or expense invested in litigating this case" warrants dismissal with prejudice. See id. at *1, *2

(granting voluntary dismissal without prejudice even though defendant had filed motion to dismiss for lack of personal jurisdiction and discovery was ongoing).

Since the Eleventh Circuit advised that "delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice," Pontenberg, 252 F.3d at 1259 (first citing Durham, 385 F.2d at 368; and then citing McCants, 781 F.2d at 858), Defendants Cushner and Bulloch County also argue that Plaintiff's mischaracterization of their motion's arguments is indicative of bad faith. (Doc. 18 at 3, 6.) While Plaintiff's counsel was clearly mistaken when citing to certain pages of Defendants Cushner and Bulloch County's motion, Defendants did comment on the applicability of the GRPC (Doc. 9 at 17), and Plaintiff's counsel explained that Defendants Montano and GDPS's motion prompted further research (Doc. 17 at 4). Although the Court is concerned with and strongly cautions against Plaintiff's counsel's liberal interpretation of the arguments in the Bulloch Defendants' motion, the Court is not convinced that this conduct rises to the level of bad faith requiring dismissal with prejudice. Cf. Carrier Corp. v. G.W. Martin, Inc., No. 1:08-CV-1003-CC, 2009 WL 1649587, at *7 (N.D. Ga. May 27, 2009) (finding that making allegations about causation lacking any evidentiary basis, abusing the discovery process, and knowingly spoliating evidence constituted bad faith).

Plaintiff's counsel's conduct, while perhaps careless, does not demonstrate an abuse of the judicial process.

Based on the foregoing, Court also declines to impose costs and attorney's fees as a condition of dismissal. See Quiniones, 2021 WL 3043418, at *1, *2 (declining to impose litigation expenses on plaintiff after granting voluntary dismissal without prejudice even though defendant had filed motion to dismiss for lack of personal jurisdiction and discovery was ongoing). Since Plaintiff moved to voluntarily dismiss his case shortly after Defendants moved for dismissal and discovery has been stayed, the Court is not convinced the Bulloch Defendants have "been put to considerable expense in preparing for trial" to the extent that Plaintiff should be required to reimburse them for their expenses. Smartvideo Techs., Inc., 2007 WL 1655855, at *3 (quoting McCants, 781 F.2d at 860).

## CONCLUSION

Based on the foregoing, Plaintiff's motion for voluntary dismissal without prejudice (Doc. 17) is **GRANTED**, and this action

11

is **DISMISSED WITHOUT PREJUDICE.** Defendants Cushner and Bulloch County's motion to dismiss (Doc. 9) and Defendants Montano and GDPS's motion for judgment on the pleadings (Doc. 14) are **DISMISSED AS MOOT.** The Clerk of Court is directed to **CLOSE** this case.

SO ORDERED this _3rd_ day of March 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

12